ALBERT R. SHERMAN, Administrator with the will annexed,
*vs.* MARY BAKER *et al.*

PROVIDENCE—JULY 8, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

When a state of affairs has come which a testator did not look for, his intent is to be carried out as nearly as may be.

The renunciation of a life estate accelerates the estate in remainder and gives the remainder-man immediate possession if the estate be sufficient ; but if there be a deficiency, the enjoyment of income by remainder-men should be postponed until legacies intended to take effect at once can be made up.

By his will B. divided his property into thirds, giving the income of one-third to his widow for life, with remainder over to two classes of persons ; a third was given to his sister, and the other third in pecuniary legacies, of which one hundred dollars were for masses, and residue to a church. The widow declined the provision for her in the will and had certain lands set off to her as dower ; the funds in the hands of the administrator were insufficient to pay the legacies in full. On a bill filed by the administrator for instructions :—

*Held,* that the gift for masses was really to pay for services to be rendered, a consideration arising after the testator's death, and might be paid in full.

*Held,* further, that the remainder-men following the widow's life estate should await a sale of the lands set off to her as dower ; that the fund in hand, after paying the legacy for masses, should be divided, one-half thereof to be paid to the sister as her third of the property, and the other half be apportioned among the legatees representing the remaining third,

(For previous opinion in this case see *Sherman* v. *Baker, ante,* p. 446.)

STINESS, J. The will of John Baker provided that all his estate should be converted into money, and, after the payment of debts and funeral expenses, he gave the income of one-third to his widow for life and, upon her decease, the principal of such third to the children of Thomas Keenan and Thomas Murphy. Another third he gave to his sister Catherine Baker, outright. From the remaining third he gave several pecuniary legacies, amounting to twelve hundred dollars, and the residue, if any, to St. Patrick's Church, at Valley Falls. The bequest to the widow was in lieu of dower, but she has renounced it and has taken dower in the estate. For this reason the real estate set off to her as dower cannot be converted into money and paid over to the legatees, according to the provisions of the will, and the funds in the hands of the administrator with the will annexed are not sufficient to pay the legacies in full. He therefore asks for instructions as to how the legacies shall abate, and also whether a gift for masses under the will shall abate with other legacies.

The amount involved in this last question is one hundred dollars, and it will not materially affect the payments if it should be paid in full. We think that it may be so paid,

since it is really for the services of the priest, upon the principle of a consideration arising after the testator's death. 1 Am. & Eng. Ency. L. 2d ed. note p. 51.

The main question is as to the distribution of the funds now in the hands of the administrator.

This same will was before the court in *Sherman* v. *Baker*, 20 R. I. 446, but the question then put upon this branch of the will was whether any division at all could be made until after the death of the widow, because the exact third parts cannot be ascertained until that time. We held that a division should be made, as far as it could be, and since then the bill has been amended, setting up the deficiency and asking for further instructions.

A state of affairs has come which the testator did not look for, but his intent must be carried out as nearly as it can be.

By the terms of the will one-third of the estate was not to go in remainder until after the death of Mary Baker. While the renunciation of a life estate accelerates the estate in remainder, so that the remainder-man has the right to immediate possession, if the estate be sufficient, yet, if there is a deficiency, it would clearly violate the expressed intention of the testator to admit the remainder-men to a present division, with the result of compelling legacies to await the death of the tenant in dower, which he intended to have paid at once, and of advancing those which he said should be paid after the death of his wife. Accordingly, to adjust these conflicting rights, as nearly as may be, it has been held that the enjoyment of income by remainder-men should be postponed until legacies intended to take effect at once can be made up.

Thus in *McReynolds* v. *Counts*, 9 Gratt. 242, a case similar to this one, the court directed that it should be ascertained to what amount the legatees would be disappointed by the renunciation of the widow, and to cause the rents and profits of the two-thirds of the land not covered by her dower to be applied, during her life-time, as far as should be necessary to indemnify the legatees.

In Pennsylvania it is held that the rule in equity treats the substituted devisee and bequests to the wife as a trust in her for the benefit of the disappointed claimants, to the amount of their interest therein; and the court will assume jurisdiction to sequester the benefit intended for the refusing wife in order to secure compensation to those whom her election disappoints. *Sandoe's Appeal,* 65 Pa. St. 314; *Gallagher's Appeal,* 87 Pa. St. 200; *Bingham's Appeal,* 6 Cent. Rep. 118. See also *Sarles* v. *Sarles,* 19 Abb. N. Cas. 322 and note; *Firth* v. *Denny,* 2 Allen, 468.

Under the will some legatees were to receive their full legacies at once, while others were to await the death of Mrs. Baker. As it is, none can receive their full legacies at once; but it is certainly following the testator's scheme to pay, as far as may be, those who were to receive at once, leaving the others to wait, as they were to wait under the will. Adopting this course, all the money now in the hands of the administrator will go to the class of pecuniary legatees named in one-third, and to Catherine Baker; while the two-sixths given to the Murphy and Keenan children will be regarded as in the dower interest held by the widow, which they are to receive at her death, as provided in the will.

Some question has been made as to the mode of distribution. We are aware that no mode can be mathematically exact, because the total value of the estate cannot be known until the sale of the real estate now held as dower, and so the third part given to Catherine Baker cannot be accurately determined. As we said in our former opinion in this case, the testator evidently thought that the pecuniary legacies would be about one-third of his estate. This is probably as good a basis as we can get for present purposes. It is in accordance with his idea and is likely to be quite as near the mark as an appraisal. It is also simpler and less expensive. Taking this view, the fund now in hand, after the legacy to the priest, will go to the two-thirds represented by the present pecuniary legatees, one-half to Catherine Baker representing one-third, and the other half to be apportioned among the legatees representing the other third. The final adjustment

will then await the sale of the real estate.    The payments will be made as of one year after the death of the testator.

*Herbert Almy and James M. Gilrain*, for complainant.

*David S. Baker, Lewis A. Waterman, and Charles E. Gorman*, for respondents.